IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOSE LUERA,<br># M23550,<br><br>   Plaintiff,<br><br>vs.<br><br>JAMES C. POWELL, LARRY D. HALE<br>and CHRISTOPHER N. BRADLEY,<br><br>   Defendants. | Case No. 18--cv–2071-NJR |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

  Plaintiff Jose Luera, an inmate of the Illinois Department of Corrections ("IDOC") currently incarcerated at Menard Correctional Center ("Menard"), brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. In the Complaint, Plaintiff alleges that while at Menard Correctional Center he was assaulted and severely injured by his cellmate and was subsequently denied adequate medical treatment. He asserts claims under the Eighth Amendment for failure to protect him from his cellmate and for deliberate indifference to a serious medical need after the assault. Plaintiff seeks declaratory judgment, injunctive relief and monetary damages.

  This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

1

**The Complaint**

In his Complaint, Plaintiff makes the following allegations: On October 22, 2011, Plaintiff was housed in Menard with inmate William Thompson. (Doc. 1, p. 5). Thompson had a history of violence against other inmates and mental illness, facts which were known to Powell. *Id.* On that day, Thompson complained to Powell that he had not gotten his phone call the previous day, and that he wanted to go to the prison Health Care Unit ("HCU"). *Id.*, p. 2-3. Thompson became visibly upset and agitated, so Powell ordered that Thompson's cell (with Luera in it) be "deadlocked" because he feared that Thompson would assault a staff member. *Id.*

Powell then sent an email message to his supervisor, describing Thompson's behavior and noting that another correctional officer sent to talk to Thompson also felt Thompson was unstable. *Id*. In his email message, Powell also stated that Thompson had been written up at his previous prison for assaulting a fellow inmate and was on medication. *Id*. Powell asked that Thompson be moved to a different unit, or at least that staff be advised to keep an eye on him.

At approximately 7:30 the following morning, Thompson allegedly beat Plaintiff severely, including at least one blow to the head with a television set. *Id*., p. 6. Plaintiff was left unconscious and bleeding on the floor of the cell. *Id.* Plaintiff alleges that Hale (the duty officer starting at 7:00 a.m.) and Bradley failed to do required wellness checks every 30 minutes. *Id.*, pp. 4, 6. Plaintiff also alleges that other inmates called to Hale and Bradley for help after the incident but were ignored. *Id*., p. 6.

Hale and Bradley discovered Plaintiff at approximately 11:30 a.m. *Id*, p. 6. After some delay, Plaintiff was taken to the Health Care Unit ("HCU"). *Id.,* p. 7. Plaintiff sustained a number of injuries and remained comatose for two weeks. *Id*., pp. 6-7. Plaintiff claims a number of injuries from the assault, some of which he alleges were caused or exacerbated by the delay in providing medical care.

Plaintiff notes that this case is related to another already-filed case, *Jose Luera v. Salvador Godinez, et al.*, 15-CV-350-MAB. He alleges that he only determined the identities of the John Doe defendants in that case (the Defendants here) and the "full extent of their culpability" during discovery.

(*Id*. at 8-9). Plaintiff filed a motion to amend the complaint in this prior case to name Defendants, which was denied as untimely by Magistrate Judge Stephen Williams. (Docs. 178 and 181).

**Discussion**

In his Complaint, Plaintiff asserts the following claims:

**Count 1:** **Lieutenant James Powell, Correctional Officer Larry Hale and Correctional Officer Christopher Bradley failed to protect Plaintiff from an unreasonable risk of serious harm under the Eighth Amendment by housing Plaintiff with an inmate who was known to be violent, dangerous, mentally ill and agitated, resulting in severe injuries.**

**Count 2:** **Correctional Officers Larry Hale and Christopher Bradley were deliberately indifferent under the Eighth Amendment for their failure to obtain timely medical treatment for Plaintiff after the attack.**

As a threshold matter, the Court must address the issue of whether the case is timely brought. Although affirmative defenses such filing after the statute of limitations are typically litigated by the parties after service, a Court may invoke these defenses on Section 1915A review when the availability of the defense is apparent on the face of the Complaint. *Walker v. Thompson*, 288 F.3d 1005, 1009 (7th Cir. 2002).

Section 1983 does not contain its own statute of limitations, and thus Section 1983 claims are governed by the law of the state where the alleged violation occurred. *Johnson v. Rivera*, 272 F.3d 519, 521 (7th Cir. 2001) (*citing Wilson v. Garcia*, 471 U.S. 261. 276 (1985)). Section 1983 claims brought here are governed by Illinois' 2-year statute of limitations. *Dominguez v. Hendley*, 545 F.3d 585, 588 (7th Cir. 2008).

All of the events described in the Complaint occurred more than seven years before the filing of this case. As such the Plaintiff's claims are facially untimely. The Court is also bound, however, to apply a state's tolling rules. In Illinois, tolling of a limitations period is appropriate if the defendant has actively misled the plaintiff or the plaintiff has been prevented from asserting his or her rights in some extraordinary way. *Clay v. Kuhl*, 727 N.E.2d 217, 223 (2000). Federal courts apply the same doctrine

3

"if through no fault or lack of diligence on his part he was unable to sue before, even though the defendant took no active steps to prevent him from suing." *Donald v. Cook Cty. Sheriff's Dep't*, 95 F.3d 548, 561 (7th Cir. 1996).

Although the claims appear to be barred by the statute of limitations, the Complaint raises at least the possibility that equitable tolling may apply. The Court will therefore refrain from dismissing them at this time.

**Count 1**

The Eighth Amendment prohibits cruel and unusual punishment of prisoners. U.S. CONST. amend. VIII. This requires that that prison officials "take reasonable measures to guarantee the safety of the inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (citation and quotation marks omitted). Therefore, those running prisons are required to "protect prisoners from violence at the hands of other prisoners." *Id.* at 833. To state a failure to protect claim, a prisoner must allege that (1) he is incarcerated under conditions posing a substantial risk of serious harm, and (2) the defendant(s) acted with deliberate indifference to that risk. *Brown v. Budz*, 398 F.3d 904, 909 (7th Cir. 2005).

To satisfy the first prong, a plaintiff must allege not only that he or she experienced, or was exposed to, a serious harm, but also that there was a substantial risk beforehand that that serious harm might actually occur. *Id.* at 910. Plaintiff has adequately alleged these elements. The threat of violence was unquestionably serious, as it was sufficient to lead Powell to order a deadlock on Thompson's cell. There was also a substantial risk of that harm beforehand, between Thompson's history of violence against his cellmates, his mental health history and his state of agitation the day before the assault.

In order to meet the "deliberate indifference" prong of a failure to protect claim, the defendant "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw that inference." *Gevas v. McLaughlin*, 798 F.3d 475, 480 (7th Cir. 2015). The Complaint satisfies this requirement as to Powell. He was sufficiently concerned about Thompson's potential for violence that he ordered a deadlock on his cell to protect the correctional

staff and requested that Thompson be moved to another cell due to the potential for violence. Powell's e-mail to his supervisor also demonstrates his knowledge that Thompson had a history of violence against his cellmates, as well as mental issues.

As to Hale and Bradley, however, Plaintiff does not allege any facts to suggest that they were aware of any facts pointing to the substantial risk of serious harm to Plaintiff before the assault. Count 1 therefore survives screening against Powell but will be dismissed without prejudice for failure to state a claim against Bradley and Hale.

**Count 2**

The Eighth Amendment has also been held to prohibit deliberate indifference to a prisoner's serious medical need. In order to state a claim for deliberate indifference to a serious medical need, an inmate must show (1) that he suffered from an objectively serious medical condition; and (2) that the defendant was deliberately indifferent to a risk of serious harm from that condition. *Petties v. Carter*, 836 F.3d 722, 727 (7th Cir. 2016).

An objectively serious condition includes an ailment that has been "diagnosed by a physician as mandating treatment," one that significantly affects an individual's daily activities, or which involves chronic and substantial pain. *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997). The medical need alleged in the Complaint qualifies as "serious"—being unconscious and lying in a pool of blood significantly affected his daily activities to say the least.

The deliberate indifference element requires proof that the defendant knew of facts from which he could infer that a substantial risk of serious harm exists, and he must actually draw the inference. *Zaya v. Sood*, 836 F.3d 800, 804 (7th Cir. 2016) (citing *Farmer*, 511 U.S. at 837). "Delaying treatment may constitute deliberate indifference if such delay exacerbated the injury or unnecessarily prolonged an inmate's pain." *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) (internal citations and quotations omitted). Plaintiff has adequately alleged that Hale and Bradley were deliberately indifferent. First, the other inmates allegedly called on them for assistance but they ignored these

5

requests. Second, they found Plaintiff unconscious on the ground and bloody, but did not immediately summon medical help. Plaintiff alleges that these actions exacerbated the severity of his injuries. Plaintiff has stated a colorable claim, and therefore Count 2 survives screening.

**Request for Injunctive Relief**

The Complaint includes a request for injunctive relief. The named defendants are not appropriate parties with respect to Plaintiff's request for injunctive relief. Accordingly, Jacqueline Lashbrook, Menard's Warden, will be added to the docket in her official capacity for the purpose of carrying out any injunctive relief that might be granted. *See Gonzales v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011).

**Motion for Joinder**

Plaintiff has also filed a Motion for Joinder (Doc. 4). As noted above, this case is related to another suit by Plaintiff, *Luera v. Godinez, et al.*, 15-CV-350-MAB. In that case, Plaintiff asserted that various prison officials and Menard's healthcare provider failed to protect Plaintiff from his cellmate and were deliberately indifferent to his medical condition in relation to the same incident with inmate Thompson at issue here. (15-CV-350-MAB, Doc. 82). Plaintiff has essentially asked that the current case be consolidated with that matter.

Cases may be consolidated under Federal Rule of Civil Procedure 42(a) if they involve a common question of law or fact. District courts "enjoy substantial discretion in deciding whether and to what extent to consolidate cases." *Hall v. Hall*, 138 S. Ct. 1118, 1131 (2018).

The two cases obviously involve common questions of fact, as they arise out of the same incident. Consolidation nevertheless would be problematic. Trial has already taken place in the *Godinez* case, and it is at the post-trial motions stage. Consolidating the cases now would place the resulting action on extremely awkward procedural grounds, with one portion at the very beginning of litigation and the other likely nearing its end. While cases being at different procedural stages is not an automatic bar to consolidation, *see e.g. Gentry v. Smith,* 487 F.2d 571, 581 (5th Cir. 1973) (holding

that consolidation could be appropriate even when one case was commenced after the other had been appealed), it appears that consolidation at this point would add rather than reduce the potential for confusion and waste of judicial resources. As such, the Motion to Join is **DENIED**

### Motion for Recruitment of Counsel

Plaintiff has filed a Motion for Recruitment of Counsel (Doc. 3), which is **GRANTED**.

There is no constitutional or statutory right to appointment of counsel in federal civil cases. *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010). Federal District Courts have discretion under 28 U.S.C. § 1915(e)(1) to request counsel to assist pro se litigants. *Id.* When presented with a request to appoint counsel, the Court must consider: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself [.]" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007).

With regard to the first step of the inquiry, Plaintiff states that he has significant cognitive dysfunctions, rendering him unable to form complete sentences at times. (Doc. 3, p. 1). He was unable to file his own grievances on this matter and appears to have been assisted by a fellow inmate in both the grievance process and the filings in this case. Plaintiff has been effectively precluded from obtaining counsel on his own by this disability.

The Court must now consider the case itself. Concerning the second step of the inquiry, "the difficulty of the case is considered against the plaintiff's litigation capabilities, and those capabilities are examined in light of the challenges specific to the case at hand." *Id.* at 655. As discussed above, the surviving claims in this case are relatively straightforward failure to protect and indifference to a serious medical need claims. The failure to protect claim, however, involves the somewhat abstract concept of whether there was substantial risk of serious harm before the assault. For a prisoner who lacks the ability to consistently form complete sentences, this may present a significant difficulty.

Applying the *Pruitt* factors to this case, the Court concludes that appointment of counsel is warranted. Therefore. Plaintiff's motion for appointment of counsel (Doc. 3) is **GRANTED**. The attorney will be appointed by separate order.

### **Disposition**

**IT IS HEREBY ORDERED** that **COUNT 1** will proceed as to James Powell and is **DISMISSED without prejudice** as to Larry Hale and Christopher Bradley, and

**IT IS FURTHER ORDERED** that **COUNT 2** will proceed as to Larry Hale and Christopher Bradley.

The **Clerk of Court** is **DIRECTED** to add **JACQUELINE LASHBROOK**, the warden of Menard, in her official capacity, for purposes of carrying out any injunctive relief that is ordered.

**IT IS FURTHER ORDERED** that the Clerk of Court shall prepare for Defendants James Powell, Larry Hale, Christopher Bradley, and Jacqueline Lashbrook (official capacity only): (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each defendants' place of employment as identified by Plaintiff. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, if a defendant can no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with defendant's current work address, or, if not known, defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g).

**IT IS FURTHER ORDERED** that this entire matter is **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: January 24, 2019**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**

### Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**