# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOSE LUERA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CASE NO. 18-cv-2071-RJD |
| | ) |
| JAMES C. POWELL, LARRY D. HALE, CHRISTOPHER N. BRADLEY, and JACQUELINE LASHBROOK, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**DALY, Magistrate Judge:**

This matter is before the Court on Defendants' Motion to Dismiss (Doc. 21). Plaintiff filed a response (Doc. 41).

### Background

Plaintiff Jose Luera, an inmate in the custody of the Illinois Department of Corrections ("IDOC"), filed this action pursuant to 42 U.S.C. § 1983, alleging that his constitutional rights were violated while he was incarcerated at Menard Correctional Center ("Menard"). He is proceeding on the following counts:

**Count 1:** Lieutenant James Powell failed to protect Plaintiff from an unreasonable risk of serious harm under the Eighth Amendment by housing Plaintiff with an inmate who was known to be violent, dangerous, mentally ill and agitated, resulting in severe injuries in October 2011.

**Count 2:** Correctional Officers Larry Hale and Christopher Bradley were deliberately indifferent under the Eighth Amendment for their failure to obtain timely medical treatment for Plaintiff after the attack in October 2011.

Defendants filed a motion to dismiss arguing Plaintiff's claims are barred by the statute of limitations and *res judicata*. Plaintiff responded arguing the statute of limitations should be

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOSE LUERA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CASE NO. 18-cv-2071-RJD |
| | ) |
| JAMES C. POWELL, LARRY D. HALE, CHRISTOPHER N. BRADLEY, and JACQUELINE LASHBROOK, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**DALY, Magistrate Judge:**

This matter is before the Court on Defendants' Motion to Dismiss (Doc. 21). Plaintiff filed a response (Doc. 41).

### Background

Plaintiff Jose Luera, an inmate in the custody of the Illinois Department of Corrections ("IDOC"), filed this action pursuant to 42 U.S.C. § 1983, alleging that his constitutional rights were violated while he was incarcerated at Menard Correctional Center ("Menard"). He is proceeding on the following counts:

**Count 1:** Lieutenant James Powell failed to protect Plaintiff from an unreasonable risk of serious harm under the Eighth Amendment by housing Plaintiff with an inmate who was known to be violent, dangerous, mentally ill and agitated, resulting in severe injuries in October 2011.

**Count 2:** Correctional Officers Larry Hale and Christopher Bradley were deliberately indifferent under the Eighth Amendment for their failure to obtain timely medical treatment for Plaintiff after the attack in October 2011.

Defendants filed a motion to dismiss arguing Plaintiff's claims are barred by the statute of limitations and *res judicata*. Plaintiff responded arguing the statute of limitations should be

equitably tolled and *res judicata* does not bar this suit as the current Defendants were not parties to the prior suit.

Plaintiff alleges Defendants Bradley, Hale, and Powell violated his Eighth Amendment rights by exhibiting deliberate indifference to his safety – namely, by failing to protect him from the risk of attack by his cellmate in October 2011 – and then by exhibiting deliberate indifferent to his serious medical needs from the attack. Plaintiff seeks monetary damages and equitable relief.[1]

Plaintiff previously filed suit concerning the attack by his cellmate and the medical treatment he received in the Northern District of Illinois on March 15, 2013: *Luera v. Godinez, et al.*, 13-2041 (USDC-NDIL) (Doc. 1). This suit named as Defendants: Salvador Godinez, Tracey Engleson, Margaret Thompson, Major Lyerla, Sergeant Birk, and a John Doe Defendant identified as "a correctional office employed at Menard C.C. whose name is unknown to plaintiff" (Case 13-2041, Doc. 1). On April 3, 2014, Plaintiff, through counsel, made an unopposed oral motion for leave to file an amended complaint that, among other things, drops without prejudice any claims against the defendant whose identity has not been confirmed (Case 13-2041, Doc. 31). The Court granted Plaintiff leave to file an amended complaint by 5/2/2014 (Id.). On May 2, 2014, Plaintiff filed the First Amended Complaint naming Defendants Godinez, Engleson, Thompson, Lyerla, and John Does 1-99 (Case 13-2041, Doc. 32). Plaintiff's suit was transferred to the Southern District of Illinois on March 30, 2015 (USDC-SDIL, Case 15-350, Doc. 56).

Upon transfer, Plaintiff's previous counsel was allowed to withdraw, and Plaintiff was appointed new counsel (Case 15-350, Doc. 69). On October 27, 2015, a scheduling order (Doc.

---

[1] Defendant Lashbrook was added in her official capacity for the purposes of carrying out any injunctive relief.

76) was entered directing Plaintiff to produce to Defendants within 30 days "any information the plaintiff possesses which will help identify the John Doe defendants, including but not limited to physical descriptions, specific job assignments, or partial names/nicknames" and Defendants were directed to produce to Plaintiff within 45 days "the identity of the John Doe defendants or, if the defendants are unable to make specific identification, any document or information which would assist in the identification of the John Does" (Case 15-350, Doc. 76).  Plaintiff was given 90 days from the date of the Order to move to amend his complaint to add or substitute specific defendants for John Does, or to identify additional steps that could be taken to identify the John Does who remained unidentified (Id.).  Plaintiff was warned failure to comply with the order would result in the dismissal of the John Does and would likely bar further amendment (Id.).

On February 18, 2016, Plaintiff filed a Second Amended Complaint which generically named "Menard John Does 1-99" (Case 15-350, Doc. 82).  On January 3, 2017, the Court entered an order dismissing Plaintiff's claims against Defendant Wexford and directing the Clerk to amend Plaintiff's John Does 1-99 as John Doe # 1 (Stateville Counselor), John Doe #2 (unknown Menard Correctional Officers), and John Doe #3 (unknown Stateville Correctional Officers) (Case 15-350, Doc. 126).  On April 16, 2018, Plaintiff sought leave to file a third amended complaint identifying Christopher N. Bradley, Larry D. Hale, James C. Powell, and Jacqueline Lashbrook in lieu of John Doe #2 (Case 15-350, Doc. 178).  The Court denied the motion as untimely as Plaintiff had waited until four days prior to the close of discovery to seek to amend his complaint (Case 15-350, Docs. 181, 188).  On August 8, 2018, the Court dismissed without prejudice the John Doe Defendants (Case 15-350, Doc. 197).  On December 17, 2018, Judgment was entered in favor of all Defendants and against Plaintiff (Case 15-350, Doc. 238).  On November 26, 2019, Plaintiff filed a Notice of Appeal (Case 15-350, Doc. 270).  Plaintiff's appeal of case 15-350 is currently

pending before the Seventh Circuit.

**Legal Standard**

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not its merits. Fed. R. Civ. P. 12(b)(6); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In considering a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded facts in the plaintiff's complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011). A plaintiff's failure to adhere to a statute of limitations is an affirmative defense and therefore generally is not amenable to dismissal under Rule 12(b)(6) at the complaint stage. *United States v. Lewis,* 411 F.3d 838, 842 (7th Cir.2005). However, dismissal under Rule 12(b)(6) is appropriate when a plaintiff pleads himself out of court by establishing that a defendant is entitled to a limitations defense. *Cancer Found., Inc. v. Cerberus Capital Mgmt., LP,* 559 F.3d 671, 675 (7th Cir.2009) (dismissal appropriate where it is "clear from the face of the amended complaint that it [was] hopelessly time-barred"); *U.S. Gypsum Co. v. Ind. Gas Co., Inc.,* 350 F.2d 623, 626 (7th Cir.2003) ("A litigant may plead itself out of court by alleging (and thus admitting) the ingredients of a defense"). Where the allegations of the complaint set forth unambiguously the relevant dates, the statute of limitations defense may be considered. *Brooks v. Ross*, 578 F.3d 574, 579 (7th Cir. 2009).

To determine the statute of limitations applicable in an action under 42 U.S.C. § 1983, federal courts look to the forum state's statute of limitations for personal injury claims. *Mitchell v. Donchin,* 286 F.3d 447, 450 n. 1 (7th Cir.2002); *Ashafa v. City of Chicago,* 146 F.3d 459, 461 (7th Cir.1998); *Lucien v. Jockish,* 133 F.3d 464, 466 (7th Cir.1998). In Illinois, this time period is two years. 735 ILCS 5/13-202. Thus, Plaintiff's claims are time-barred only if the events giving rise to the cause of action occurred more than two years prior to his filing a complaint

against a defendant. Section 1983 claims "accrue when the plaintiff knows or should know that his or her constitutional rights have been violated." *Kelly v. City of Chicago,* 4 F.3d 509, 511 (7th Cir.1993).

**Analysis**

Plaintiff does not dispute this suit was filed more than two years after the events giving rise to his claim. Plaintiff, however, argues equitable tolling should apply to excuse the filing of his Complaint seven years after the accrual date. Equitable tolling is available when a plaintiff shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Gray v. Zatecky*, 865 F.3d 909, 912 (7th Cir. 2017), quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010). Plaintiff asserts the Court's refusal to allow the addition of these Defendants in his prior case was improper and he should therefore be entitled to equitable tolling of the statute of limitations to bring suit against Defendants in this case.

Plaintiff fails to cite any case law supporting his position. Plaintiff's previous case is on appeal and any issues he has with the Court's decisions in that case should be taken up on appeal. Moreover, Plaintiff has failed to set forth any facts showing he has "pursued his rights diligently" against these Defendants. The events giving rise to this claim occurred in October 2011 and Plaintiff's first attempt to name these Defendants was not until April 16, 2018 in his prior case. Plaintiff did not file this case until November 13, 2018. Plaintiff was appointed counsel in his prior case and does not offer any explanation as to why he failed to identify the John Doe Defendants at an earlier posture. Plaintiff's claims in this suit are barred by the statute of limitations.

**Conclusion**

For the reasons set forth above, Defendants' Motion to Dismiss (Doc. 21) is **GRANTED**.

Plaintiff's claims are **DISMISSED WITH PREJUDICE**. The Clerk of Court is directed to enter judgment accordingly and to close the case.

**IT IS SO ORDERED.**

**DATED:** February 4, 2020

*s/ Reona J. Daly*
**Hon. Reona J. Daly
United States Magistrate Judge**