IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **JOSE LUERA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 18-cv-2071-RJD** |
| | ) | |
| **JAMES C. POWELL, LARRY D. HALE,** | ) | |
| **CHRISTOPHER N. BRADLEY, and** | ) | |
| **JACQUELINE LASHBROOK,** | ) | |
| | ) | |
| **Defendants.** | | |

## ORDER

**DALY, Magistrate Judge:**

This matter is before the Court on Plaintiff's Motion for Extension of Time to File Post-Judgment Pleadings and/or to Reopen the Time to File Notice of Appeal (Doc. 44). Defendants filed a Response (Doc. 45). Plaintiff then filed a Motion for Ruling Instanter on his Motion for Extension of Time (Doc. 49) and a Motion for Clarification and Ruling on Doc. 44 (Doc. 50). As explained further, Plaintiff's Motions are **DENIED**.

### Background

Plaintiff Jose Luera, an inmate in the custody of the Illinois Department of Corrections, filed this action *pro se* pursuant to 42 U.S.C. §1983. Plaintiff's Complaint was filed on November 13, 2018 and alleged that his constitutional rights were violated while he was incarcerated at Menard Correctional Center in October 2011. Defendants were served and on March 26, 2019, filed a Motion to Dismiss for Failure to State a Claim, contending that Plaintiff's claims were barred by the statute of limitations. The Court assigned counsel to represent Plaintiff on October 28, 2019. All parties consented to having a Magistrate Judge conduct any and all proceedings in

this matter. Plaintiff filed a Response to Defendants' Motion to Dismiss on February 3, 2020. The Court entered an order granting Defendants' Motion to Dismiss on February 4, 2020, finding that Plaintiff's claims were barred by the statute of limitations.

On May 14, 2020, Plaintiff filed a Motion for Extension of Time to File Post-Judgment Pleadings and/or to Reopen the Time to File Notice of Appeal ("Motion for Extension of Time"). He claims that he did not learn about the Court's February 3, 2020 Order dismissing his case until May 11, 2020 when he received a letter from his attorneys. Plaintiff asks the Court to grant him the following extensions to file pleadings related to the dismissal of his case: (1) a 14-day extension to file an objection to the Order pursuant to Federal Rule of Civil Procedure 72(b); (2) a 28-day extension to file a Motion to Alter Judgment pursuant to Federal Rule of Civil Procedure 59(e) or a Motion for Relief from a Judgment or Order pursuant to Federal Rule of Civil Procedure 60. Plaintiff further moves the Court to reopen the time for him to appeal pursuant to Federal Rule of Appellate Procedure 4(a)(6).

At the time Plaintiff filed the Motion for Extension of Time (May 14, 2020), his attorneys had not yet withdrawn from the case. With his Motion for Extension of Time, Plaintiff submitted to the Court the letter he received from his attorneys on May 11, 2020 in which they informed him that his case had been dismissed and also informed him "[since] your case has been dismissed, this concludes our relationship."[1] SDIL Local Rule 83.10 provides that "each assigned counsel shall represent the party in the action from the date the party enters an appearance until final judgment or the action is otherwise concluded in the district court."

Defendants filed a Response to Plaintiff's Motion for Extension of Time on May 27, 2020.

---

[1] In that same letter, Plaintiff's attorneys also note that they had written Plaintiff in February and that the letter Plaintiff received on May 11, 2020 simply restated the contents of their letter written in February.

On July 6, 2020, the Court ordered Plaintiff's counsel to either file a Motion to Withdraw as Plaintiff's attorneys, or to file a Notice informing the Court of their intent to continue representing Plaintiff. Counsel filed a Motion to Withdraw, which the Court granted. The Court also sent directly to Plaintiff a copy of Defendants' Response to the Motion for Extension of Time, as Defendants noted in their Response they did not send a copy of it directly to Plaintiff pursuant to Federal Rule of Civil Procedure 5(b)(1) (prohibiting counsel from serving pleadings upon a party while he is still represented by counsel). On July 7, 2020, Plaintiff filed a Motion for Ruling Instanter on his Motion for Extension. On July 23, 2020, Plaintiff filed a Motion for Clarification and for Ruling on Doc. 44 (which is Plaintiff's Motion for Extension).

**Motion for Extension of Time to File Post-Judgment Pleadings and/or to Reopen the Time to File Notice of Appeal**

All arguments in Plaintiff's Motion for Extension of Time are premised on his assertion that he did not receive notice of the February 4, 2020 Order until May 11, 2020. Therefore, Plaintiff concludes, he should be allowed various extensions to object to the Order, file post-judgment pleadings, and/or appeal. Plaintiff has made this argument before in this district and as was previously explained to Plaintiff, "the notice to Plaintiff's counsel of the entry of judgment is imputed to Plaintiff." *Luera v. Lyerla, et al.*, Case No. 3-15-cv-350, 2019 WL 4750569, *5 (S.D. Ill. Sept. 19, 2019), *citing Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltr. Partnership*, 507 U.S. 380, 397 (1993) ("[E]ach party is deemed bound by the acts of his lawyer-agent and is considered to have notice of all facts, notice of which can be charged upon the attorney"); *Resendiz v. Dretke*, 452 F.3d 356, 362 (5th Cir. 2006) (holding notice to counsel of judgment constituted notice to petitioner and affirming denial of petitioner's Rule 4(a)(6) motion to reopen time to appeal). On February 4, 2020, Plaintiff's counsel received notice of the Court's Order dismissing Plaintiff's

claims with prejudice after finding that they were barred by the statute of limitations. That notice is imputed to Plaintiff, and therefore the deadlines for any post-judgment pleadings or appeals started running on February 4, 2020.

Plaintiff cites Federal Rule of Civil Procedure 72(b) and asks the Court to allow him 14 days to file an objection to the Court's February 4, 2020 Order. Rule 72(b) allows parties to file objections after a magistrate judge makes a recommendation to a district judge on a dispositive motion. *See* FED. R. CIV. P. 72(b)(1). The parties consented to full resolution of this matter by the undersigned. The Court's February 4, 2020 Order was therefore not a recommendation but a final judgment that is appealed in the same process as any other district court judgment. 28 U.S.C. §636(c)(1); FED. R. CIV. P. 73(c). Consequently, Rule 72(b) does not apply to the February 4, 2020 order.

Plaintiff also moves the Court to allow him 28 days to file a post-judgment pleading pursuant to Federal Rule of Civil Procedure 59(e) or Federal Rule of Civil Procedure 60. The time for filing a motion pursuant to Rule 59(e) cannot be extended. Fed. R. Civ. P. 6(b)(2). Motions brought pursuant to Rule 60(b) are not necessarily limited to 28 days, but must be "made within a reasonable time" after the challenged order was entered; Rule 60(b)(1), (2) and (3) motions must be brought within a year after the entry of judgment. FED. R. CIV. P. 60(c)(1). Consequently, while the Court cannot extend the time to allow Plaintiff to file a Rule 59(e) motion, Plaintiff's time for filing a Rule 60(b) motion has not necessarily lapsed (though any such motion would have to establish it was filed within a reasonable time). Plaintiff has not provided any explanation for why there is good cause for the Court, at this juncture, to grant Plaintiff a specific extension of 28 days to file a motion pursuant to Rule 60(b). Therefore, Plaintiff's request for the 28-day extension is denied.

Finally, Plaintiff moves the Court to reopen the time for him to appeal pursuant to Rule 4(a)(6), which allows the Court to reopen the time to file a notice of appeal for a period of 14 days where the following three conditions are satisfied:

> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
>
> (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
>
> (C) the court finds that no party would be prejudiced.

FED. R. APP. P. 4(a)(6).

Plaintiff argues that he did not receive notice of the Court's February 4, 2020 order until May 11, 2020 and since he filed the Motion for Extension of Time within 14 days of May 11, 2020, the Court should reopen the time for him to appeal. Of course, this argument fails because as explained above, Plaintiff's attorneys received notice of the Order on February 4, 2020, and that notice is imputed to Plaintiff. Because Plaintiff cannot establish that Rule 4(a)(6)(A) is satisfied, it is unnecessary for the Court to analyze the other two conditions.

At the conclusion of his Motion for Extension of Time, Plaintiff references the Court's Administrative Orders related to the Covid-19 outbreak which granted certain deadline extensions. This Court's first Administrative Order related to COVID-29 was issued on March 21, 2020. The Orders specifically stated that they did not extend any deadlines imposed by Rule 59(e) or 60(b), nor did they extend the time to file a Notice of Appeal.[2] Moreover, since judgment in this case

---

[2] The Administrative Orders did, however, inform litigants that if they filed a *timely* Motion for Extension of Time to File a Notice of Appeal (i.e., within 30 days of when the order/judgment to be appealed is entered), good cause existed for the Court to grant the motion because of the COVID-19 outbreak.

was entered on February 4, 2020, Plaintiff's deadline to file a Motion to Alter or Amend the Judgment pursuant to Rule 59(e) was March 3, 2020. His deadline to file a Notice of Appeal was March 5, 2020, more than two weeks before the Court entered the first Administrative Order related to the COVID-19 outbreak. The Court's COVID-19 Administrative Orders therefore had no affect on Plaintiff's deadlines to appeal or file a Rule 59 motion.

**Motion for Ruling Instanter on the Motion for Extension of Time *and* Motion for Clarification and for Ruling on Motion for Extension of Time**

Plaintiff claims repeatedly in these motions that because the Court had not yet ruled on his Motion for Extension of Time, he was in danger of losing and/or lost his ability to file post-judgment motions. These claims are unfounded. The Court did not cause Plaintiff to miss any deadline to appeal or file a post-judgment motion. To recap, Plaintiff's deadline to file a Motion to Alter or Amend the Judgment pursuant to Rule 59(e) expired on March 5, 2020 (more than two months before Plaintiff filed his Motion for Extension of Time). The deadline to file Rule 59(e) motions cannot be extended for any reason. FED. R. CIV. P. 6(b)(2). The deadline for Plaintiff to file a Rule 60(b) post-judgment motion has not passed, though Plaintiff will have to establish why the length of time that it takes him to file such a motion is reasonable. FED. R. CIV. P. 60(c). Plaintiff was never going to be able to file an objection to this Court's ruling pursuant to Rule 72(b), because he and the other parties consented to the undersigned entering a final judgment in this case. *See* 28 U.S.C. §636(c)(1). The Court cannot reopen the time for Plaintiff to appeal because Plaintiff, through his attorneys, received notice of the Court's Order dismissing his case on February 4, 2020. FED. R. CIV. P. 4(a)(6).

In any event, Plaintiff now has a ruling on his Motion for Extension of Time to File Post-Judgment Pleadings and/or Reopen the Time to File a Notice of Appeal. Consequently, Plaintiff's

Motions for a Ruling Instanter and Motion for Ruling on Doc. 44 are moot. The Court acknowledges that Plaintiff made several due process arguments in these motions. First, Plaintiff claims that because counsel for Defendants did not send him their Response to his Motion for Extension of Time, he did not have the opportunity to file a Reply to it. As explained above, counsel for Defendants did not send him their Response because Plaintiff was still represented by counsel. The Court, however, did send Plaintiff a copy of the Response. Three weeks passed from the time the Court sent Plaintiff a copy of Defendants' Response and the date this instant Order is entered. During that time, Plaintiff did not attempt to file any sort of Motion for Leave to File a Reply.

Instead, Plaintiff filed two motions asking the Court to rule on his Motion immediately. In his second motion (Doc. 50), Plaintiff sets forth an argument in Reply to Plaintiff's Response to his Motion for Extension of Time. Pursuant to Local Rule 7.1(g), Reply arguments are disfavored and should only be filed under exceptional circumstances. Plaintiff's Reply argument contained in Doc. 50 does not point to any exceptional circumstances. Plaintiff merely refers the Court to SDIL Case No. 15-cv-350, Doc 263, page 11, which is where Magistrate Judge Beatty explained to Plaintiff in September 2019 that notice to Plaintiff's attorneys is imputed to Plaintiff. This point does not advance Plaintiff's argument in his Motion for Extension of Time.

Plaintiff also argued that he was not given the opportunity to respond to his counsel's Motion to Withdraw from this case. This argument is not well-taken and directly contradicts Plaintiff's position that he wanted the Court to rule on his Motion for Extension of Time immediately. The Court refers Plaintiff to Local Rule 83.10, which allows recruited counsel to withdraw once a final judgment is entered. Plaintiff's attorney informed Plaintiff in May that the final judgment entered in this case concluded their relationship. Plaintiff then filed his Motion for

Extension of Time *pro se*. In the Order assigning counsel to Plaintiff (Doc. 26), the Court had advised Plaintiff that he could not file any motions *pro se* while he was represented by counsel.

**Conclusion**

For the reasons set forth above, Plaintiff's Motion for Extension of Time to File Post-Judgment Pleadings and/or to Reopen the Time to File Notice of Appeal (Doc. 44) is **DENIED.** Plaintiff's Motion for Ruling Instanter on the Motion for Extension of Time (Doc. 49) is **DENIED AS MOOT**. Plaintiff's Motion for Clarification and Ruling on Doc. 44 (Doc. 50) is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

**DATED:   July 31, 2020**

s/  *Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**